# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALKINI LAUDERDALE, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>HOM PROPERTIES, L.P., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-2254 - IEG (RBB)<br><br>**ORDER GRANTING JOINT MOTION TO REMAND**<br><br>[Doc. No. 3] |

On July 26, 2012, Plaintiffs filed this landlord-tenant action in San Diego County Superior Court, alleging various state law claims as well as claims under the Residential Lead-Based Paint Hazard Reduction Act of 1992 (the "Lead-Based Paint Act"), 42 U.S.C. § 852(d). [*See* Doc. No. 1, Ex. 2.] On September 14, 2012, Defendants removed to this Court, invoking federal question jurisdiction on the basis of the Lead-Based Paint Act claims. [Doc. No. 1 at 2-3.] On September 20, 2012, Plaintiff filed an amended complaint, omitting any claims under the Lead-Based Paint Act or other federal law. [*See* Doc. No. 2.] On September 28, 2012, the parties filed a joint motion to remand, stipulating that no federal questions remain as a basis for this Court's jurisdiction. [Doc. No. 3 at 2.] For the reasons below, the Court finds that it lacks subject matter jurisdiction and thus **GRANTS** the parties' joint motion to remand.

## DISCUSSION

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441).  But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Where, as here, removal is predicated on 28 U.S.C. § 1331, *i.e.*, federal question jurisdiction, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983).  To "arise under" federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Id.* at 11.

Here, as the parties agree, [*see* Doc. No. 3], Plaintiff's amended complaint asserts only state law causes of action, of which no right or immunity under the Constitution or federal law is an essential element.  [*See* Doc. No. 2.]  Thus, as no federal question is essential to Plaintiff's claims, no federal question jurisdiction exists.  *Franchise Tax Bd.* at 11.  Accordingly, the Court lacks subject matter jurisdiction and this case must be remanded.  28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons the Court hereby **GRANTS** the parties' joint motion and **REMANDS** this action to state court.

**IT IS SO ORDERED.**

**DATED:**   October 5, 2012

*(signature)*

**IRMA E. GONZALEZ**
**United States District Judge**